IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| VIANIX DELAWARE, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:09cv141 |
| | ) | |
| NUANCE COMMUNICATIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM IN SUPPORT OF VIANIX'S MOTION FOR LEAVE TO FILE A SUR-REPLY

Plaintiff, Vianix Delaware, LLC ("Vianix"), by counsel, for its Memorandum in Support of Motion for Leave to file a Sur-Reply, states as follows:

### ARGUMENT

Nuance Communications, Inc. ("Nuance") has filed a motion to dismiss ("Motion to Dismiss") the Complaint, pursuant to Rules 12(b)(6) and 12(b)(2) of the Federal Rules of Civil Procedure, alleging that it has no legal obligation under a software license agreement ("License Agreement") between Vianix and Philips Speech Recognition Systems GmbH ("Philips") — a company Nuance acquired pursuant to a stock purchase agreement dated September 26, 2008 ("Purchase Agreement"). In the Complaint, Vianix asserts that "[i]n purchasing Philips, Nuance has continued to carry on the business of Philips and *assumed* all rights and obligations under the License Agreement." (Complaint ¶ 3.) (emphasis added). In the initial memorandum it filed in support of the Motion to Dismiss, Nuance asserts that dismissal is appropriate because "Plaintiff does not allege that Philips has ever *assigned* its rights and obligations under the License agreement to Nuance." (*See* Nuance Communications, Inc.'s Brief in

Support of Its Motion to Dismiss at 2 (hereinafter "Nuance's Brief in Support at ___.") (emphasis added). As a result, claims Nuance, Vianix "does not (and could not) allege any facts which would make Nuance responsible for any obligations of Philips under the License Agreement." *Id.* at 3. In its Brief in Opposition to the Motion to Dismiss, Vianix cited the Purchase Agreement, along with other facts demonstrating Nuance's assertion of control over the SpeechMagic program, as a basis for demonstrating Nuance's assumption of Philips' obligations under the License Agreement. In response, Nuance asserted for first time that these facts were insufficiently pled in the Complaint. Additionally, Nuance provided its unilateral interpretation of what the parties to the Purchase Agreement meant by the provisions cited by Vianix, and incorrectly claimed that a parent can be held liable for the contracts of a subsidiary only if the subsidiary acts as an "alter-ego" of the parent. (*See* Nuance's Reply Brief at 4.)

Pursuant to Rule 7 of the Rules of the United States District Court for the Eastern District of Virginia, a party must seek leave of court to file a supplemental brief such as a sur-reply. Courts may in their discretion allow parties to file a sur-reply to address new issues raised by opposing parties or to clarify a matter of law. *See McBurney v. Mims*, Case No. 3:09cv44, 2009 U.S. Dist. LEXIS 36971, at *2 (E.D. Va. May 1, 2009) (granting a plaintiff's motion for leave to file a sur-reply brief in response to a defendant's 12(b)(6) motion to dismiss) (Spencer, J.); *Harrison v. Watts*, Case No. 1:06cv1061, 2009 U.S. Dist. LEXIS 26009, at *38–*39 (E.D. Va. Mar. 26, 2009) (Ellis, J.) (granting the plaintiff's motion for leave to file a sur-reply in response to defendant's 12(b)(6) motion); *see also Curtis Engine & Equipment, Inc. v. Cummins Engine Co., Inc.,*

1997 U.S. Dist. LEXIS 19262, *3 (D.Md. 1997) (allowing plaintiff to file a sur-reply on the issues related to personal jurisdiction at issue in the case).

In this case, in response to Vianix's claim that the Purchase Agreement demonstrates that Nuance affirmatively assumed obligations under the License Agreement, Nuance changed its argument. In its initial brief, Nuance claimed that there is *no basis* under which it can be liable for the License Agreement because no contract between Vianix and Nuance exists. (Nuance's Brief in Support at 4.) Instead, argued Nuance, the License Agreement is an obligation of Philips, which became Nuance Communications Austria GmbH ("Nuance Austria"), a subsidiary of Nuance, after Nuance purchased its stock. *Id.* at 5. Barring allegations that would support piercing the corporate veil, any claim under the License Agreement must be asserted against Nuance Austria and not against Nuance itself. *Id.*

Faced with Vianix's contention that the terms of the Purchase Agreement, together with other facts surrounding the purchase of Philips by Nuance, support the allegations of the Complaint that Nuance assumed responsibility for the License Agreement, Nuance now asserts that the Complaint fails to sufficiently plead these facts. (Nuance Reply Brief at 5-6.) Nuance also makes new factual allegations about the circumstances surrounding the negotiation and interpretation of the Purchase Agreement itself. *Id.* at 3-4. In response to Vianix's argument, Nuance claims that the parties did not intend for the License Agreement to be included in any of the provisions of the Purchase Agreement cited by Vianix. Nuance also incorrectly asserts that, in a stock purchase situation, a parent corporation can be held liable for contracts of the subsidiary it purchases *only* if the subsidiary is shown to be an "alter-ego" of the parent. These new

factual allegations regarding the Purchase Agreement, together with the incorrect statements of law made by Nuance in its Reply Brief, justify Vianix's request for leave to respond with a sur-reply.

## CONCLUSION

WHEREFORE, Vianix respectfully requests that the Court enter an order granting Vianix leave to file a sur-reply in the form of <u>Exhibit A</u> attached to its Motion for Leave to File a Sur-Reply.

**VIANIX DELAWARE, LLC**

By: \s\ Brent M. Timberlake
Of Counsel

Robert A. Angle, Esq. (VSB No. 37691)
Brent M. Timberlake, Esq. (VSB No. 68720)
Counsel for Vianix Delaware, LLC
TROUTMAN SANDERS LLP
Post Office Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
E-mail: robert.angle@troutmansanders.com
E-mail: brent.timberlake@troutmansanders.com

John C. Lynch, Esq. (VSB No. 39267)
Megan E. Burns, Esq. (VSB No. 35883)
Counsel for Vianix Delaware, LLC
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7500
Facsimile: (757) 687-7510
E-mail: john.lynch@troutmansanders.com
E-mail: megan.burns@troutmansanders.com

Counsel for Vianix Delaware, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of June, 2009, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will then also send a notification of such filing (NEF) to the following:

**Counsel for Defendant**
Hugh M. Fain, III (VSB No. 26494)
Edward Everett Bagnell, Jr. (VSB No. 74647)
SpottsFain PC
411 E. Franklin Street, Suite 600 (23219)
P.O. Box 1555 Richmond, Virginia
E-mail: ebagnell@spottsfain.com
E-mail: hfain@spottsfain.com

and sent via first-class mail and electronically filed with the Clerk of Court using the CM/ECF system, which will also send a notification of such filing (NEF) to the following:

**Counsel for Defendant**
Robert Juman (admitted pro hac vice)
William Mack, III (admitted pro hac vice)
Quinn Emanual Urquhart Oliver & Hodges, LLP
51 Madison Avenue, 22nd Floor
New York NY 10010
robertjuman@quinnemanuel.com
williammack@quinnemanuel.com

\s\ Brent M. Timberlake
Robert A. Angle, Esq. (VSB No. 37691)
Brent M. Timberlake, Esq. (VSB No. 68720)
Counsel for Vianix Delaware, LLC
TROUTMAN SANDERS LLP
Post Office Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Facsimile: (804) 697-1339
E-mail: robert.angle@troutmansanders.com
E-mail: brent.timberlake@troutmansanders.com